McAdam, C. J.
Mandamus is a high prerogative remedy, known here as a state writ or proceeding (Code § 1991). The power to issue it in England resided exclusively in the court of king’s bench until 1854, when it was vested in all the superior courts of the kingdom. At the first establishment of the judicial system in this state, this peculiar jurisdiction of the king’s bench was bestowed exclusively upon the supreme court, and in 18Y3 (chap. 239) it was here (following the precedent in England) conferred upon the “ superior city courts of record.” This term is used to distinguish between superior and inferior courts of record that powers peculiar to the former may not be assumed by the latter, as of course. The city court is not a superior city *254 court (Code, § 3343), and is Emited to the jurisdiction which the legislature expressly confers upon it, with such other incidental authority as may be necessary to give proper effect to the powers expressly conferred. Thus if the legislature had conferred upon the city court, eo nomine, jurisdiction in mandamus proceedings, everything necessary to execute the power would have followed the grant, without enumeration.
If the legislature confers upon courts of record generally, a remedy entirely new, all courts of record ahke may take the power granted; but where, as in this case, the legislature merely adds an additional ground for invoking an existing remedy, the term “court of record,” when used in the new act, appHes only to the courts of record exercising the jurisdiction to which the addition is made. In other words, every act of the legislature must be considered with reference to the state of the law subsisting when it came into operation and when it is to be applied; it cannot otherwise be rationally considered.
In this regard, the special provisions of law which conferred jurisdiction in mandamus proceedings upon the superior city courts, and effectually excluded the city court of New York from any participation in it, cannot be overlooked, for special provisions limiting the power can be repealed by a general act only by the use of express words or by necessary imphcation, where the two acts are so manifestly repugnant to each other that both cannot stand. Callahan v. The Mayor, etc., 66 N. Y., 656; People v. Campbell, 22 Hun., 574; Same v. Third District Court, 57 How. Pr., 574; Potter’s Dwarris Statutes, 156. There was no repeal of these special provisions by the act of 1886, and there is no such incongruity between this and the former act as operates to repeal the latter by necessary imphcation.
Mandamus is an extraordinary remedy, and the power to entertain it has been exercised in the past only by the higher courts of general common law jurisdiction, where it properly belongs. While the power may be conferred by the legislature in express terms upon any court of whatever grade, it is not a jurisdiction which can be assumed or taken by implication by an inferior court of record which never before possessed the authority of entertaining this high prerogative power. The act of 1886 (chap. 496), conferring upon ‘ ‘ any court of record ” power to issue writs of mandamus against the board of excise, in certain cases, must, by the principles of construction before referred to, be read in the light of previous legislation upon the subject, as much so as if all such laws had been enacted at the same time.
The provisions are to be read in harmony, one with the other, that consistent effect may be given to all. So con *255 sidered, the interpretation becomes plain. The term “any court of record ” means any such court having power to issue the writ, and not a court of record possessing no authority whatever in such proceedings.
The act of 1886 (supra) did not create a new jurisdiction; it merely added an additional cause for invoking a jurisdiction already lodged in certain superior courts of record. In England, under an analogous act, conferring additional power upon “any court of record,” this term was held to intend only the four superior courts of record at West-minister. Potter’s Dwarris Statutes, 211. It seems plain, therefore, that the act of 1886 (supra) was intended to confer an additional ground for the writ, upon such courts of record as then had jurisdiction under existing laws to entertain the • remedy, and not to courts totally devoid of any such authority. Jurisdiction of such an extraordinary character can be exercised by inferior courts only when the power is conferred in express terms and by unmistakable language. It is not, as before remarked, to be taken by implication and as of course.
As the court was without jurisdiction in the premises, the present proceedings should not have been entertained, or the writs, if inadvertently issued, should have been promptly dismissed for the total want of jurisdiction. The special term judge had no authority to enter upon a consideration of the merits of the controversy, and his adjudication thereon is absolutely void and of no effect.
It follows that the adjudications must be reversed and the proceeding dismissed.
Rebebas and Hyatt, JJ., concur.